SONS OF TOMÁS PIETRI, PLAINTIFFS AND APPELLEES, *v.* VICENS BROTHERS, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of Debt.

No. 3271.—Decided May 31, 1924.

ACCOUNT CURRENT—PLEADING—DEFAULT JUDGMENT.—When in an action to recover the value of merchandise no agreement is alleged to have been made as to the time of payment, the presumption is that the seller is entitled to payment immediately upon delivery of the merchandise, and the mere allegation that the debt was due is sufficient. In such circumstances section 1095 of the Civil Code is not applicable and a default judgment entered by the clerk is valid.

The facts are stated in the opinion.

*Mr. V. Zayas Pizarro* for the appellants.

*Mr. L. Torres Grau* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The plaintiffs allege that they sold to the defendants the following lots of cane syrup on the dates and for the prices stated:

May   8, 1922, 13 barrels at $11 each,_____ $143.00
"     18, 1922, 20 barrels at $11 each,_____  220.00
"     19, 1922, 15 barrels at $11 each,_____  165.00
"     26, 1922, 11 barrels at $11 each,_____  121.00

These items make a total of $649 from which is deducted $20 that the plaintiffs admit having received, leaving a balance of $629 alleged to be due and wholly unpaid.

The defendants demurred to the complaint for failure to state a cause of action. The demurrer was overruled and they did not answer the complaint, whereupon their default was noted and the clerk entered judgment.

The defendants appealed from the judgment and in their brief assign error in overruling the demurrer and in entering a default judgment notwithstanding the fact that in the complaint the date of maturity of the obligation was not set forth.

The two assignments may be considered together, as both are based on the failure to allege in the complaint the date on which the $629 became due.

However, it is alleged in the complaint that the debt was due, but the appellants contend that this is a conclusion of law. Being so raised, the question would really be one of law and the clerk would have had no power to enter judgment, in accordance with section 194 of the Code of Civil Procedure which specifies the cases in which the clerk may enter a default judgment. But this was an action of debt to recover the value of goods or merchandise, and no agreement being alleged to have been made as to the time of payment, the presumption is that the seller is entitled to payment immediately upon delivery of the merchandise, and the mere allegation that the debt was due is sufficient. 6 R.C.L. 897; 21 R.C.L. 11.

It is true that mention is made in the complaint of reciprocal interest at the rate of 10 per cent, but aside from the fact that the mere mention of interest does not of itself imply that a certain time was allowed, the sale of the

different lots was not simultaneous; but on different days of the same month and the plaintiff had received $20 on account of the price, which seems to explain the stipulation about interest until the appellants should receive the last lot.

The very fact that it does not appear from the complaint that the debtor was allowed a certain time for payment and that this was not deducible from the nature of the obligation, renders inapplicable section 1095 of the Civil Code alleged by the appellants to have been violated.

For all of the foregoing the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.